**Anna H. MATTHIESEN, Appellant,**

v.

**NORTHWESTERN MUTUAL INSURANCE COMPANY, Appellee.**

**No. 18518.**

United States Court of Appeals
Fifth Circuit.

Feb. 15, 1961.

Donald V. Organ, H. Alva Brumfield, Gene S. Palmisano, New Orleans, La., for appellant.

St. Clair Adams, Jr., Adams & Reese, New Orleans, La., for appellee.

Before TUTTLE, Chief Judge, JONES, Circuit Judge, and MIZE, District Judge.

TUTTLE, Chief Judge.

This appeal presents the unusual question whether the trial court erred in dismissing a personal injury damage suit for want of jurisdictional amount to sustain federal jurisdiction.

The plaintiff, a seventy-eight year old woman, while walking on the sidewalk in New Orleans alongside a private school playground, was struck by a football, causing her to lose her balance and fall. As a result of the fall she received a fracture of the upper left humerus. The fracture was treated by physicians at the Ochsner Clinic in New Orleans, by the use of "sling and swath." The arm was immobilized by being bound tightly to the body for a period of eight weeks. It is undisputed that the injury healed normally with no significant impairment. The final medical report, made some eighteen months following the injury, stated that the plaintiff complained of pain at the limits of motion of the arm, but stated that there was no soreness in the member. The plaintiff testified to some pain during the course of the eight weeks' treatment and testified that pain persisted to the date of trial.

After the trial court, sitting without a jury, had heard the evidence offered by the plaintiff as to the extent of the injuries and out-of-pocket expenses, and the case had been concluded except for the proposed deposition of a defendant's witness touching on the question of liability, the trial court announced:

"I am going to study the question as to whether or not there is jurisdictional amount in this case. I don't think there is but, in any event, don't get the testimony of the Sister at this time, unless you are notified by the Court."

Thereafter, the trial court dismissed the complaint upon the following statement:

"Plaintiff suffered a fractured humerus which healed without incident with no residual disability. Her medical expenses were $50.00, and there was no loss of earnings. Under the circumstances, this is a colorable invocation of federal jurisdiction."

At the outset we stated that this action by the trial court is unusual, as of course it is, since in the normal case upon the assertion of damages in excess of the jurisdictional amount, now $10,-000.00, (see 28 U.S.C.A. § 1332(b)), the trial court does not seriously consider an attack on jurisdiction. In point of fact, the appellee in this case made no special effort to cause the trial court to dismiss the case for want of jurisdictional amount. It did deny the paragraph of the complaint asserting the existence of the jurisdictional amount. The suit sought a recovery in the sum of $20,-000.00.

The parties are not seriously in conflict as to the ruling principle, since they both cite and quote extensively from the same Supreme Court opinion in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845. Of course, the parties emphasize different parts of the same opinion. It appears to us that the quotation supplied by the appellant adequately supports the action

of the trial court. The language of the Court is as follows:

"* * * the rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if from, the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed. Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." 303 U.S. 283, 288–290, 58 S.Ct. 586, 590.

The appellant complains that no one but the injured party can really know whether he honestly believes that he is entitled to a recovery to as much as $10,000.00. She cites us to the Fourth Circuit opinion in McDonald v. Patton, 240 F.2d 424, 425, from which the following language is appropriate:

"* * * when a plaintiff in good faith asserts a claim in an amount within the jurisdiction of the Court, the Judge is forbidden 'to interpose and try a sufficient part of the controversy between the parties to satisfy himself that the plaintiff ought to recover less than the jurisdictional amount, and to conclude, therefore, that the real controversy be-

tween the parties is concerning a subject of less than the jurisdictional value.'

"In applying this test, it has been further recognized that while good faith is a salient factor, it alone does not control; for if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount, the case will be dismissed for want of jurisdiction. Such is the doctrine laid down in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845. However, the legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim. If the right of recovery is uncertain, the doubt should be resolved, for jurisdictional purposes, in favor of the subjective good faith of the plaintiff."

What appellant overlooks in her argument is the language in both of these opinions touching on "good faith." There is no doubt but that if there is no question of good faith then it must appear to a legal certainty that the plaintiff can not recover the amount claimed before the Court would be justified in dismissing the suit for want of jurisdictional amount. We think, however, that in determining what the courts mean by "good faith" we find the answer given by the Supreme Court in the St. Paul Mercury Indemnity Company case, supra. There on page 290 of 303 U.S., on page 590 of 58 S.Ct. of the opinion the Court said:

"If, from the proofs, the court is satisfied to a like certainty [i. e. legal certainty] that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed."

When we consider the weight to be given to the trial judge's findings in this case that "under the circumstances, this is a colorable invocation of Federal jurisdiction," we conclude that this was a finding by the trial court that the assertion of the jurisdictional amount did not amount to "good faith" in a legal sense. Having carefully read the record, we can not hold that the finding by the trial court was clearly erroneous.

The judgment is, therefore, Affirmed.