**Leah FREEDMAN and Milton Freedman, her husband, Plaintiffs,**

**v.**

**ZURICH INSURANCE COMPANY, Defendant.**

**Civ. A. No. 66–1056.**

United States District Court
W. D. Pennsylvania.

Feb. 14, 1967.

Thomas Reich, Gerald N. Ziskind, Pittsburgh, Pa., for plaintiffs.

Joseph B. Bagley, of Bagley & Sydor, Pittsburgh, Pa., for defendant.

## MEMORANDUM AND ORDER

MARSH, District Judge.

The complaint for declaratory relief does not show the citizenship of the plaintiffs nor the citizenship of the defendant insurance company.[1] Thus, on its face, the complaint does not show diversity jurisdiction. The conclusion that diversity exists is insufficient. However, for the purpose of this opinion, we assume that the plaintiffs can amend to show facts which establish jurisdiction based on diversity of citizenship.[2]

The complaint alleges that the amount in controversy, exclusive of interest and costs, exceeds the sum of $10,000. The answer to the complaint denies this allegation.

The plaintiffs moved for a preliminary hearing under Rule 12(d), Fed.R.Civ.P.

---

1. Residence is not equivalent to citizenship.

2. See particularly § 1332(c), 28 U.S.C., not adverted to by counsel at argument.

Subsequently, the defendant filed a motion to dismiss, alleging that the complaint for declaratory relief is based solely upon an insurance policy issued by the defendant for "uninsured motorists risk"; that the policy provides for $10,000 maximum coverage for the type of relief for which plaintiffs have made complaint. A copy of the policy and an affidavit setting forth the coverage provided in the policy are attached to the motion.

At the hearing, the parties stipulated as follows:

(1) That the maximum amount of the coverage of the policy is $10,000; and

(2) that $50 was paid by the plaintiffs to the American Arbitration Association.

Evidently, this $50 is an administrative fee required to be paid to the Administrator of the American Arbitration Association by a party initiating arbitration. See: VIII. Fees and Expenses, § 37, Official Rules of the American Arbitration Association, and invoice attached to plaintiffs' brief.

In view of the stipulation, in our opinion the complaint should be dismissed because it appears to a legal certainty that the case does not involve a claim in excess of $10,000. Section 1332(a), Title 28 U.S.C.A. The precise issue has already been decided in this District adversely to plaintiffs. See: Meyers v. Buckeye Union Casualty Company, Civil Action No. 65–1024. Moreover, we do not think the plaintiffs can create the jurisdictional amount by voluntarily paying to the Arbitration Association a fee in the nature of costs for which they hope to be reimbursed at some future time by way of an arbitrator's award.

Ordinarily, the value of the contract whose validity is questioned determines the jurisdictional amount. The face value of an insurance policy has been held to establish the "matter in controversy" for jurisdictional purposes. 6 Moore, Federal Practice, § 57.23, p. 3141 (2d ed.); Fratto v. Northern Insurance Company of New York, D.C.,

242 F.Supp. 262, aff'd 359 F.2d 842 (3d Cir. 1966). Section 1332 is to be strictly construed, Thomson v. Gaskill, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L. Ed. 951 (1942), and courts "should not be astute to widen federal diversity jurisdiction", McCoy v. Siler, 205 F.2d 498, 501 (3d Cir. 1953). The statute provides that the claim must exceed $10,000 exclusive of interest and costs; we think that the "fee" paid by plaintiffs to initiate arbitration is realistically and understood by the legal profession as being in the category of costs.

An appropriate order will be entered.