Sophie **JEFFRIES** as Mother and Next of Friend of Lenardrew Jeffries, Plaintiff-Appellant,

v.

**SILVERCUP BAKERS, INC.,** Defendant-Appellee.

No. 17871.

United States Court of Appeals, Seventh Circuit.

Oct. 16, 1970.

Stanley J. Horn, Chicago, Ill., for appellant.

Richard G. French, Howard & French, Chicago, Ill., for defendant-appellee; Stuart N. Litwin, Chicago, Ill., of counsel.

Before DUFFY and KNOCH, Senior Circuit Judges, and PELL, Circuit Judge.

DUFFY, Senior Circuit Judge.

This is a diversity suit brought to recover damages for injuries suffered by plaintiff, a school boy, when, it is alleged, defendant's bakery truck, while turning at a street intersection, and while being

driven at a high rate of speed, mounted a street curb and struck the nine-year old plaintiff who was standing on the walk at the street intersection.

In Count 1 of the complaint it is alleged that by reason of being struck by the rapidly moving truck owned and operated by defendant, the plaintiff boy suffered injuries which proof later showed to be principally a fractured cheek bone, a broken eye socket and a broken nose. It also was alleged he experienced vision problems which will continue to some degree, and that the boy will need further surgery on his nose. Pain and suffering also were alleged.

Count 2 of the complaint alleged that under the then existing conditions, the acts and omissions of defendant were wilful and wanton and that plaintiff was entitled to punitive as well as compensatory damages.

Compensatory damages of $80,000 and punitive damages of $20,000 were claimed. Plaintiff is a citizen and resident of Illinois while defendant is a citizen and resident of the State of Michigan.

In the answer filed by defendant, except for a general denial, there was no claim made that all damages suffered would not exceed $10,000. However, while the jury was being selected, the Court entered an order dismissing the complaint on the ground that in the Court's opinion, the amount in controversy, exclusive of interest and costs, would not exceed the sum of $10,000.

There is no basis for the claim that plaintiff did not act in good faith. As stated in plaintiff's brief, on four separate occasions, one being the day before Christmas, plaintiff's attorney summoned all his witnesses after being notified by the Court to be present and ready for trial. No trial was had. It was while a jury was being selected on the fourth occasion that the District Court declared a mistrial and thereafter entered the order dismissing the complaint, based upon the failure of jurisdiction.

The complaint herein was filed on May 13, 1966. Dr. Randall McNally examined the minor plaintiff on December 8, 1965 and on July 14, 1967. His report stated: "The patient has a very serious disabling facial deformity. Examination in my office demonstrated visual and palpatory evidence of severely depressed right malar eminence. Fractured sites are palpable at the lateral and inferior orbital margins. The right globe is displaced inferiorly into the area of the maxillar antrum. The nasal bones are exceptionally broad. The nasal septum is displaced. There is numbness in the right cheek and right upper lip. The patient's mother states that he has double vision on a straight forward and an upward gaze."

True it is that Dr. McNally stated the nasal surgery could be deferred until full growth occurred. But he also stated: "A nasal reconstruction and sub-mucous septal resection will eventually need to be done." The doctor estimated surgical and hospital fees would amount to $1800.

The United States Supreme Court has construed the jurisdictional statute here being considered. That Court stated in St. Paul Mercury Indemnity Company v. Red Cab Company, 303 U.S. 283, 288–289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938) "The rule governing dismissal for want of jurisdiction in cases brought in the Federal Court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." The Court reaffirmed this rule in Horton v. Liberty Mutual Ins. Co., 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961).

In Sears Roebuck & Co. v. American Mutual Liability Ins. Co., 372 F.2d 435, 439 (7 Cir., 1967), this Court stated "There is no doubt that if a plaintiff makes a good faith claim exceeding $10,000 * * * a federal court has jurisdiction to hear the case."

Under these rules it is not incumbent upon a plaintiff to show to an absolute certainty that he will obtain a verdict in excess of $10,000. Instead, before a suit will be dismissed for lack of

jurisdiction, it must appear to a legal certainty that he will *not* recover that amount. Thus, it is sufficient if there is a probability that the value of the matter in controversy exceeds the jurisdictional amount. Tullos v. Corley, 337 F.2d 884 (6 Cir., 1964).

In the present case such a probability exists. At the time of the accident, plaintiff's injuries were extensive. It is true that medical expenses thus far incurred have been very small, but that fact is partly due, plaintiff alleges, to a decision to postpone facial surgery because plaintiff's facial bones were still growing.

Also, plaintiff claimed punitive damages in Count 2 of his complaint. There is no claim or court finding that this claim was not made in good faith or that the claim was merely colorable. A jury might award compensatory damages of $10,000 or less, but might also award punitive damages. The total of the compensatory and punitive damages, if over $10,000, would be sufficient in determining the jurisdictional amount. Bell v. Preferred Life Assurance Society, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943).

This Court may take judicial notice that juries in the Chicago and Illinois areas, in both state and federal courts, have been very liberal in awarding damages in personal injury suits, including cases where head injuries were involved.

Merely as illustrations, in Parnham v. Linder, 36 Ill.App.2d 224, 183 N.E.2d 744 (1962), a 42-year old plaintiff was struck in the eye by a cable. He was hospitalized for ten days. He lost the vision of his left eye but was able to continue his job with no loss of earning ability. His medical expenses were $445.05. A jury verdict of $60,000 was sustained.

In Dallas v. Granite City Steel Company, 64 Ill.App.2d 409, 211 N.E.2d 907 (1965), an attractive nuisance case, a verdict of $115,000 was sustained in favor of a four and a half year old plaintiff whose vision in one eye was reduced to 20/200.

In Affleck v. Chicago & North Western Railroad Company, 253 F.2d 249 (7 Cir., 1958), this Court sustained a verdict of $10,000 where a plaintiff's vision in one eye was impaired in one direction due to a drooping eyelid resulting from an injury.

The fact that upon only one of several occasions when settlement of this case was discussed, a figure of $6,000 was mentioned, does not bar the plaintiff from seeking a greater sum on a trial.

Compromise settlements of personal injury suits should be encouraged. If at a settlement conference, a plaintiff's lawyer must speak only at his peril, it is likely few settlement agreements would be reached.

We hold that plaintiff herein met the jurisdictional requirements of Title 28 U.S.C. § 1332, and that the trial court was in error in dismissing this suit.

Reversed and remanded.