Juan and Carmen SUAREZ and their conjugal partnership, per se and on behalf of their minor sons, Juan Pascual and Manuel Jose, Plaintiffs,

v.

LUFTHANSA AIRLINES, Defendant.

Civ. No. 939–70.

United States District Court,
D. Puerto Rico.

April 20, 1971.

Pedro V. Aguirre, Santurce, P. R., for plaintiffs.

Rivera-Zayas, Rivera-Cestero & Rua, San Juan, P. R., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT

TOLEDO, District Judge.

This cause having been the subject of a hearing concerning the jurisdictional amount, and the Court having examined the pleadings, heard the statement of counsel and being fully advised, now enters the following findings of fact, conclusions of law and judgment.

## FINDINGS OF FACT

1. Plaintiffs, Juan Suárez, Carmen Suárez and their conjugal partnership, per se and on behalf of their minor sons, Juan Pascual and Manuel José, residents of the Commonwealth of Puerto Rico, alleged that on or about June 21, 1970, while traveling via Lufthansa on Flight 330 from Frankfurt to Rome, plaintiffs' baggage checks were erroneously labeled to Flight 220 and their baggage was sent to London instead of Rome.

2. Plaintiffs further alleged that as a result of said error, they suffered tremendous inconveniences as they had to buy new clothes and incurred in expenses, such as restaurants and hotel bills amounting to $1,277.67 and claiming nervousness, anxiety and inconveniences for a total amount of $16,277.67.

3. On March 19, 1971, a preliminary hearing was held before this Court at defendant's request, where plaintiff Juan Suárez was interrogated by defendant's counsel and by his own counsel. Plaintiff was repeatedly asked to state the amount of his claim and the amount of the claims of the other plaintiffs. After much hesitation on his part, plaintiffs' counsel moved for a recess which was granted by this Court. After said recess, plaintiff Juan Suárez testified that he was claiming damages in the amount of $13,000.00 for himself and that the rest of the claim was to be equally divided between the remaining plaintiffs. Since the claims of the other plaintiffs clearly lacked the jurisdictional amount of $10,000.00 for each claim exclusive of interest and costs, they were summarily dismissed by this Court.

4. The United States of America is a signatory of the Warsaw Convention of October 12, 1929, and under said treaty the right to recover for delay or loss of luggage is limited to proven damages up to the amount of 250 francs (Poincare) ($16.59) per kilogram, said compensation being limited to a baggage weight of twenty-five (25) kilograms per passenger. Plaintiffs, at the time they allege their suitcases were sent to London, voluntarily informed Alitalia that there were missing eight (8) pieces of luggage with a total weight of seventy-nine (79) kilograms and by the provisions of the treaty known as the Warsaw Convention, the actual damages cannot exceed the amount of One Thousand Three Hundred Ten Dollars and Sixty One Cents ($1,310.61). But since here we are only considering the claim of Mr. Juan Suárez, the applicable limit of the Warsaw Treaty is $16.59 for twenty-five (25) kilograms, which would limit his compensation for lost baggage in the amount of $414.75.

5. From the interrogation of plaintiff, it appears that his eight (8) pieces of luggage were returned to him after a delay of about eight (8) days. It also appears that he had bought articles of clothing for him and his family during his stay in Rome. Plaintiff's claim for hotel and restaurants bills bears no relation to the delay of his luggage and cannot be granted as compensation for the delay of luggage neither by jury nor by the Court.

6. The mental anguish, pain and suffering of plaintiff clearly will not

amount to the difference up to the jurisdictional amount of this Court.

CONCLUSIONS OF LAW

 1. The Court concludes that plaintiff's claim of $13,000.00 is a colorable one asserted for the sole purpose of conferring federal jursidiction. It was the intention of Congress to remove from the federal courts claims insubstantial in character, which contributed to the mounting backlogs of these courts. If plaintiff could avoid the jurisdictional amount requirements merely by alleging damages in excess of the jurisdictional amount, the purpose of this amendment would be largely negated. 28 U.S.C. Sec. 1332. Cf. Leehans v. American Employers Ins. Co., Inc., 273 F.2d 72 (5th Cir. 1959); Brown v. Bodak, 188 F.Supp. 532 (S.D.N.Y.1960).

Wherefore, defendant's motion to dismiss the complaint is granted.

It is so ordered.