**MIAMI BEACH YACHT CORPORA-TION, Plaintiff-Appellant,**

v.

**FERRO CORPORATION, Defendant-Appellee.**

**No. 71–3136**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 13, 1972.

* ▮ Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

Mercer K. Clarke, G. Morton Good, Smathers & Thompson, Miami, Fla., for plaintiff-appellant.

Sherouse & Virgin, Robert G. Notman, Miami, Fla., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

This is one of those now rare cases which turn on a determination of the amount in controversy. The District Court believed that the Plaintiff would not be able, on the merits, to show himself entitled to a particular element of the damages he alleged and therefore dismissed the suit for want of jurisdiction, the absence of that element reducing Plaintiff's potential recoverable damages below the $10,000 jurisdictional minimum.[1]

Miami Beach Yacht Corporation (Miami or Plaintiff) contracted with Sea Craft, Inc. to construct molds used in the fabrication of fiberglas boats. The cost-plus contract provided that 100% of direct material and labor costs were to be applied as an overhead factor. Ferro Corporation (Ferro) supplied Miami with a finish known as "gelcoat" which was to be used in performing the Sea Craft contract. Unfortunately, the "gelcoat" was defective and as a result, the molds were rejected by Sea Craft. Miami expended 335 additional man-hours attempting to correct the defects in the "gelcoat" without success.

Thereafter, Miami instituted this diversity breach of warranty suit against Ferro. The damages sought to be recovered included $7,763.08 lost on the Sea Craft contract, $887.05 for direct la-

1. 28 U.S.C.A. § 1332:
(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—
(1) citizens of different States;
(2) citizens of a State, and foreign states or citizens or subjects thereof; and
(3) citizens of different States and in which foreign states or citizens or subjects thereof are additional parties.

(b) Except when express provision therefor is otherwise made in a statute of the United States, where the plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $10,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.

bor (335 additional man-hours) expended attempting to correct the deficiency in the "gelcoat" and "the average overhead of running the business at the time this [corrective] work was performed, expressed as 190% of the direct costs."

The District Court held that Miami would be limited to the terms of its contract with Sea Craft in computing the amount of its damages due from Ferro resulting from the 335 additional man-hours expended, the Sea Craft contract having set the allowance for overhead at 100% of direct cost. Thus, by the District Court's computation Miami could only recover $9,537.18. Miami alleges, using the 190% overhead factor, which it insists accurately reflects its actual overhead costs during the time in question, the amount in controversy is at least $10,335.53.

■ "The amount in controversy cannot be made dependent on the amount the Plaintiff will ultimately recover." Wright, Law of Federal Courts § 33, p. 111. The general rule is that the sum claimed by the Plaintiff controls if it is apparently made in good faith. Only if it appears to a legal certainty that the amount in controversy is really less than the amount claimed does the jurisdiction of the Federal Court fail. St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 58 S.Ct. 586, 82 L. Ed. 845; Horton v. Liberty Mutual Ins. Co., 1961, 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890; Jones v. Landry, 5 Cir., 1967, 387 F.2d 102; Anderson v. Moorer, 5 Cir., 1967, 372 F.2d 747; Burks v. Texas Co., 5 Cir., 1954, 211 F.2d 443.

■ Here the amount in "controversy" certainly includes the 190% overhead element. Plaintiff urges that he is entitled to recover that much from Ferro since that is the actual financial damage he suffered as a result of the alleged breach of warranty. Ferro argues that the damages must be measured with reference to Plaintiff's contract with a third party (Sea Craft). Regardless of who will win this argument eventually on the merits, it is obvious that the element of damages is very much in good faith controversy. Accordingly the District Court did have diversity jurisdiction and dismissal of the complaint was improper.

Reversed and remanded.