Philip J. SMITH, Plaintiff,

v.

U. S. FIRE INSURANCE CO., a foreign corporation, and Debbie Van Dresser, Defendants.

Civ. A. No. 70–C–324.

United States District Court, E. D. Wisconsin.

Dec. 12, 1972.

---

Irving D. Gaines, Milwaukee, Wis., for plaintiff.

Robert E. Cook, Milwaukee, Wis., for defendants.

REYNOLDS, Chief Judge.

The defendants have filed a motion to dismiss the complaint for failure to meet the requisite jurisdictional amount of damages pursuant to 28 U.S.C. § 1332.[1]

The plaintiff's damage claims are based upon injuries he allegedly suffered when defendant Van Dresser dove off a pier into Lake Geneva and struck the plaintiff. It is alleged that as a result of this collision the plaintiff sustained a contusion of the shoulder, a fracture of the nose producing a deviated septum, persistent headaches, and a permanent scar over the bridge of his nose.

The plaintiff's special damage claims are:

| | |
|---|---:|
| Surgical expense | $200.00 |
| Hospital expense | 250.00 |
| Anesthesiologist expense | 75.00 |
| Loss of wages | 200.00 |
| Total | $725.00 |

The plaintiff's ad damnum clause claims damages of $50,000.

Defendants contend that based upon the complaint and averments in plaintiff's deposition, he is not able to legally support a damage claim meeting the $10,000 minimum requirement.

To prevent a preliminary jurisdictional inquiry from unfairly depriving a plaintiff of a trial on the merits, the federal courts have imposed a fairly rigorous standard governing dismissal for want of the jurisdictional amount.[2] The general rule was set forth in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 284, 288–289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938):

"* * * unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the

---

1. "Diversity of citizenship; amount in controversy; costs

"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

"(1) citizens of different States;
* * * * * "

2. Opelika Nursing Home, Inc. v. Richardson, 448 F.2d 658, 663 (5th Cir. 1971).

claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. * * "

This rule has been reaffirmed by the Supreme Court and this circuit. Horton v. Liberty Mutual Ins. Co., 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961); Jeffries v. Silvercup Bakers, Inc., 434 F.2d 310, 311–312 (7th Cir. 1970); Sears, Roebuck & Co. v. American Mutual Liability Ins. Co., 372 F.2d 435, 439 (7th Cir. 1967).

■ In the present case there is no indication that plaintiff's allegations were not made in good faith. The defendants, however, relying on Nelson v. Keefer, 451 F.2d 289 (3rd Cir. 1971), contend that the record presents a proper basis on which I can hold the complaint legally insufficient to give rise to a $10,000 claim.[3] In Nelson, the court expressed concern that § 1332's purpose of limiting the quantity of diversity cases in federal courts was being flaunted by litigants who inflated their damage claims to reach the requisite amount. The court observed that this dilemma could in part be rectified if the federal courts retreated from the "inflexibility" of the "good faith-legal certainty test"[4] which was resulting in a virtual automatic finding of jurisdiction when such a claim was made. The court urged that the amount in controversy be scrutinized in much the same fashion that a court reviews actual damage awards in a remittitur procedure.

■ Although the court essentially performs similar functions in remittitur and the preliminary determination of jurisdictional amount, I cannot agree that the court should consequently apply similar standards for these procedures. Remittitur occurs after trial, allowing the judge to assess the proper amount of damages only after the litigants have had an opportunity to present all available evidence on the subject. It is precisely the absence of a complete record which has deterred the judiciary from implementing a more rigid standard to dispute plaintiff's claims at the preliminary stage. Deutsch v. Hewes Street Realty Corp., 359 F.2d 96, 99–100 (2d Cir. 1966); Wade v. Rogala, 270 F.2d 280, 285 (3rd Cir. 1959); American Mutual Liability Insurance Co. v. Campbell Lumber Mfg. Corp., 329 F.Supp. 1283, 1285 (N.D.Ga.1971). Moreover, the potential injury to the plaintiff is substantially greater if his claim is dismissed outright than if his awarded damages are reduced.[5] Accordingly, the courts have used a standard less demanding for dismissal for want of jurisdictional amount to avoid this harsh result to litigants. See, e. g., Deutsch v. Hewes Street Realty Corp., supra.

However, even if I were to accept the reasoning put forward by the court in Nelson, I would still be compelled to deny defendants' motion. Defendants have suggested no basis on which to find the plaintiff's damage claims inadequate aside from the relatively small liquidated damage claims. While liquidated damages in the Nelson case were similarly small, affirmance of the trial court's dis-

---

3. "Legal certainty" and "good faith" are not intended to be a two-pronged test where both requirements must be met. In the Fifth Circuit it has been held that good faith is to be determined according to an objective standard and is therefore synonymous with legal certainty. Opelika Nursing Home, Inc. v. Richardson, 448 F. 2d 658, 663 n. 7 (5th Cir. 1971); Jones v. Landry, 387 F.2d 102, 104 (5th Cir. 1967). This precise ruling has not been reached elsewhere; however, the language of St. Paul Mercury Indemnity Co. indicates that if good faith is demonstrated,

dismissal for lack of the jurisdictional amount is possible only where it is a legal certainty the plaintiff can not recover the required amount. See Jeffries v. Silvercup Bakers, Inc., 434 F.2d 310, 311–312 (7th Cir. 1970).

4. 451 F.2d at 295.

5. This is particularly true in the present case where the statute of limitations would bar the plaintiff from filing this suit in the state courts if this action were to be dismissed.

missal was not based on this fact alone. Of major concern was the question of whether the defendant's alleged negligence was the cause of one plaintiff's injuries. Before dismissal the trial court had requested the plaintiffs to supply additional information to bolster proof of a causal relationship.[6] The dismissal was granted after the plaintiff failed to provide the requested data.

No similar problem lurks in the background of this case. The issue is whether the plaintiff has adequately demonstrated that damages could possibly exceed $10,000. I cannot find as a matter of law that he has not done so. Small special damages may be relevant but they are not determinative of the amount potentially recoverable.[7]

In *Nelson*, the court ruled that plaintiff has the burden of showing that proper jurisdiction resides in the federal courts.[8] However, in view of the prevailing standard for dismissal, a complaint which properly alleges the requisite amount is sufficient to meet this initial burden. While this court could, as did the trial court in *Nelson*, ask the plaintiff to provide additional support for its allegations,[9] I do not believe such a request is required here. The defendants have done little more than emphasize the small amount of the special damage claims. The plaintiff has properly alleged a causal relationship between the event and the injuries which he claims consist of persistent suffering, disfiguring scars, permanent partial disability, and the need for future treatment. The defendants have provided no basis to suggest that any of these claims are improper.

For the foregoing reasons,

It is hereby ordered that defendants' motion to dismiss the complaint be and it hereby is denied.

---

6. I do not suggest that such an inquiry necessarily should result in a firmer standard in deciding whether the jurisdictional requirements have been met. It is of questionable propriety to give weight to matters which relate more to the merits of plaintiff's case than to the amount in controversy. See, e. g., Johns-Manville Sales Corp. v. Mitchell Enterprises, 417 F.2d 129, 131 (5th Cir. 1969) ; 1 Barron & Holtzoff, Federal Practice and Procedure, § 24 at 56 (Wright ed. 1971).

7. See, e. g., Salkoff v. Dissik, 189 F.Supp. 314 (E.D.Pa.1960) (denial of motion to dismiss for lack of jurisdiction where liquidated damages totaled $37) ; Sicilia v. Tassell, 163 F.Supp. 371 (E.D.Pa.1958) (denial of motion to dismiss for lack of jurisdiction where liquidated damages totaled $4).

8. 451 F.2d at 296.

9. See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287–288 n. 10, 58 S.Ct. 586, 82 L.Ed. 845.