**Julio Arias NUÑEZ, Plaintiff,**

v.

**CONFEDERATION LIFE INSURANCE COMPANY, Defendant.**

**Civ. No. 716–71.**

United States District Court,
D. Puerto Rico.

Sept. 7, 1972.

Supplemental Opinion Jan. 12, 1973.

Ivan L. Pagan Hernández, Villa Fontana, Carolina, P. R., for plaintiff.

Fernando Perez Colón, San Juan, P. R., for defendant.

### ORDER

TOLEDO, Chief Judge.

On November 26, 1971 the defendant Confederation Life Insurance Company filed a Motion to Dismiss alleging that the complaint does not state the requisite jurisdictional amount of $10,000 under 28 U.S.C.A. Section 1332. The complaint involves the recovery of two sums of money. The first for $3,000 allegedly owed to the plaintiff under an insurance policy made by the defendant, and the second for $10,000 as alleged damages caused to the plaintiff by the defendants non-compliance of its obligation to pay. No special damages are alleged, either in the original complaint, or in the amended complaint.

■■  Since the defendant has questioned the jurisdiction of this Court, we must enter partially into the merits of the plaintiffs' claim to determine whether it appears to a legal certainty, after hearing plaintiffs' evidence, that he cannot recover more than the jurisdictional amount, Muller v. Groban (7 Cir., 1965) 346 F.2d 263; Arnold v. Troccoli (2 Cir., 1965) 344 F.2d 842; Matthiesen v. Northwestern Mutual Ins. Co. (5 Cir., 1961) 286 F.2d 775. In cases originally begun in the federal court, the plaintiff has the burden of proving the amount in controversy, Moore's Federal Practice, Vol. 1, 0.92(3–1), p. 839. This is in accordance with the policy of strict construction of the statutes confering diversity jurisdiction upon the district courts, Thomson v. Gaskill (1941) 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951. If plaintiff could avoid the jurisdictional amount requirements merely by alleging damages in excess of the jurisdictional amount, the purpose of 28 U.S.C.A. § 1332 would be largely negated, Suarez v. Lufthansa Airlines (D.C.P.R., 1971) 337 F.Supp. 60.

Therefore, it is ordered that this case is set for an evidentiary hearing on Sep-

tember 28, 1972 at 2:00 P.M., on which date the plaintiff will present his evidence to establish the requisite jurisdictional amount.

## SUPPLEMENTAL OPINION

This is an action filed by Julio Arias Núñez against Confederation Life Insurance Company, involving the recovery of two sums of money. The first, for $3,000 allegedly owed to the plaintiff under an insurance policy made by the defendant, and the second, for $10,000 as alleged damages caused to the plaintiff by the failure of defendant to comply with its obligation to pay. No special damages are alleged, either in the original complaint, or in the amended complaint.

The defendant filed a motion to dismiss for lack of jurisdiction, further alleging that the amount prayed for in damages was excessive and made with the clear intention of justifying the jurisdictional amount required under Title 28, United States Code, Section 1332.

Since the defendant questioned the jurisdiction of this Court, an evidentiary hearing was held on September 28, 1972, to determine whether it appeared to a legal certainty, after hearing plaintiff's evidence, that he could not recover more than the jurisdictional amount, Muller v. Groban (7 Cir. 1965), 346 F.2d 263; Arnold v. Troccoli (2 Cir. 1965), 344 F.2d 842; Matthiesen v. Northwestern Mutual Ins. Co. (5 Cir. 1961), 286 F.2d 775.

From the documentary evidence submitted as well as the testimony of plaintiff and that of another witness, Mr. Carlos Betancourt, it appears that plaintiff, Julio Arias Núñez, a Cuban national of 60 years of age, bought from defendant some life insurance. Defendant, a Canadian insurance company, issued and delivered in Cuba, Policy Number 643687 dated July 12, 1945 with a face amount of $3,000 and a maturity date of July 12, 1970. In 1967, plaintiff abandoned Cuba and after spending some time in Spain decided to come to Puerto Rico with the intention of establishing a business following the advice of his friend, Mr. Carlos Betancourt.

When the maturity date arrived, plaintiff requested from the defendant the settlement of the policy in United States Currency payable in Puerto Rico. The defendant declined plaintiff's petition alleging that the same was contrary to the terms of the policy and Cuban law. Plaintiff further contends that defendant's denial caused him to suffer considerable damages because he could not use that money to establish a business as he had planned.

Apart from the alleged damages, which obviously were not in contemplation of the parties at the time the insurance contract was entered into, plaintiff failed to produce evidence to prove with any legal certainty that he is entitled to recover anything equal to or in excess of the jurisdictional amount. Therefore, the only amount that can be considered in determining the jurisdiction of this Court is the value of the contract in question, that is, the face value of the policy. Freedman v. Zurich Insurance Co. (D.C.), 264 F.Supp. 550; Keck v. Fidelity and Casualty Company of New York (7 Cir. 1966), 359 F.2d 840.

As previously stated, the face amount of the insurance policy involved herein is $3,000. Hence, it is clear that the jurisdictional amount of $10,000 required under Title 28, United States Code, Section 1332, is not met and this Court lacks jurisdiction to entertain the complaint.

Let judgment be entered dismissing the complaint in this case.

It is so ordered.