**Charles S. ARMSTRONG, Jr., Plaintiff,**

v.

**Charles COUNSELL et al., Defendants.**

**No. 74–C–360.**

United States District Court,
E. D. Wisconsin.

Sept. 9, 1976.

Miriam Eisenberg, Milwaukee, Wis., for plaintiff.

Willard P. Techmeier, Thomas J. Arenz, Frisch, Dudek & Slattery, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved for summary judgment, contending that the court lacks jurisdiction. The defendants urge that under no circumstances could the plaintiff recover as much as $10,000, which is the jurisdictional minimum in a diversity case pursuant to 28 U.S.C. § 1332(a).

The plaintiff alleges that he sustained injuries to his wrist and knee. His wrist was in a cast for five weeks, and he contends that he had limitation of motion and pain in the wrist for a period of two months. There is also a complaint by the plaintiff of soreness in his chest. The plaintiff further suggests that there is continuing pain in his wrist during cold weather. One of the doctors has submitted a statement evaluating the plaintiff's wrist injury as a 2½% permanent disability measured at the left wrist.

There are several circuits in which trial courts have been given broad discretion in a personal injury action in determining before trial whether the jurisdictional amount can be satisfied. See, for example, *Gibson v. Jeffers,* 478 F.2d 216 (10th Cir. 1973); *Matthiesen v. Northwestern Mutual Insurance Co.,* 286 F.2d 775 (5th Cir. 1961). The rule in the seventh circuit, however, is more strict than the foregoing cases. *Jeffries v. Silvercup Bakers, Inc.,* 434 F.2d 310, 311–12 (7th Cir. 1970); *Sears, Roebuck and Co. v. American Mut. Liab. Ins. Co.,* 372 F.2d 435, 439 (7th Cir. 1967). In *Jeffries,* the court said:

> "Under these rules it is not incumbent upon a plaintiff to show to an absolute certainty that he will obtain a verdict in excess of $10,000. Instead, before a suit will be dismissed for lack of jurisdiction, it must appear to a legal certainty that he will *not* recover that amount. Thus, it is sufficient if there is a probability that the value of the matter in controversy exceeds the jurisdictional amount."

I am not prepared to say that as a matter of law Mr. Armstrong would be unable to show injuries in the sum of $10,000. The defendants' motions for summary judgment may not be granted.

Therefore, IT IS ORDERED that the defendants' motions for summary judgment be and hereby are denied.