**Alminda Sanchez REYES, et al., Plaintiffs,**

v.

**EASTERN AIRLINES, INC., Defendant.**

**Civ. No. 80–2273.**

United States District Court, D. Puerto Rico.

Nov. 2, 1981.

Julio E. Gil de Lamadrid Pérez, Bayamón, P. R., for plaintiffs.

Francisco Ponsa Feliu, Fco. Ponsa Flores, Lawrence E. Duff and Edda Ponsa Flores, San Juan, P. R., for co-defendant Eastern Air Lines, Inc.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

Plaintiffs, all citizens of Puerto Rico, brought the present action under the diversity jurisdiction[1] of the district court against Eastern Air Lines, Inc., incorporated in the State of Delaware with its principal place of business in the State of Florida. The complaint alleges that three of the plaintiffs, Alminda Sánchez Reyes and her two daughters Joan and Jeanet, bought roundtrip tickets from San Juan to New York to San Juan. At John F. Kennedy Airport, on June 14, 1980, plaintiffs checked in at the counter of Eastern Air Lines, Inc., for flight 929, scheduled to depart to San Juan, Puerto Rico, at 10:30 P.M., and for some reason they were denied seats ("bumped") on their reserved flight. They finally boarded the 8:00 A.M. Eastern flight to San Juan on June 15, 1980.

Plaintiffs alleged that they suffered damages in the amount of seventy thousand dollars ($70,000) because of the mental anguish and pain experienced when they "were left alone in the airport without money; a place to stay; they do not speak English; they were scared, nervus (sic) and crying and when they asked for information and help they were told that itn't (sic) the problem of the airline.". Plaintiffs further allege that the loss of their baggage and the hardship and mental anguish and pain suffered as a result of receiving a letter from the claims department of Eastern refusing liability, caused damages estimated in five thousand dollars ($5,000). Co-plaintiff Ismael Vélez Molina, the husband of Alminda Sánchez Reyes and father of Joan and Jeanet, went to pick up his wife and daughters at the Isla Verde International Airport in Puerto Rico on June 15, 1980, in the very early morning since they were scheduled to arrive approximately at 2:00 A.M. After inquiring about the whereabouts of his family and talking to his son from the airport, Mr. Vélez drove back to his home where he called his wife's sister in New York and was told about the problems encountered by his family. He was in-

1. Jurisdiction is alleged pursuant to 28 U.S.C. § 1332.

formed that the family was to arrive later that same day, and he went to pick them up at the airport without any problem. Co-plaintiff alleges that he suffered mental anguish and pain as a result of the above, estimated in the amount of forty thousand dollars ($40,000).

Eastern filed an answer to the complaint in which it raised the defense of lack of jurisdictional amount. Subsequently, Eastern filed a motion to dismiss on the grounds that the amount in controversy in the present case does not reach the required jurisdictional amount. Depositions were filed in support of Eastern's motion.

In addition to the presence of diversity of citizenship, a prerequisite for jurisdiction under 28 U.S.C. § 1332 is that "the matter in controversy exceed the sum or value of $10,000 exclusive of interest and costs . . . .".

In *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845, the Supreme Court set out what remains the controlling principles guiding a determination of whether or not an action meets the jurisdictional amount.

"The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less that the jurisdictional amount to justify dismissal." (Citations omitted)

See *Jiménez Puig v. Avis Rent-A-Car System*, 574 F.2d 37 (1 Cir., 1978).

Once plaintiffs' statement of jurisdictional amount is challenged, then the burden is on the plaintiffs to prove the existence of the required jurisdictional amount. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Breault v. Feigenholtz*, 380 F.2d 90 (7 Cir., 1967), cert. den. 389 U.S. 1014, 88 S.Ct. 591, 19 L.Ed.2d 660 (1967); *Nuñez v. Confederation Life Ins. Co.*, 372 F.Supp. 497 (D.C.P.R., 1973).

Plaintiffs have not met this burden. Plaintiffs' assertions of mental anguish and pain are conclusory at best, and their claim for lost baggage was valued at $394.00.[2] This case does not involve physical injuries of any kind, no hospitalization, no expenses or disbursements, no loss of income, no medical treatment, and no other special damages. See *Gill v. Allstate Ins. Co.*, 458 F.2d 577 (6 Cir., 1972).

Even if plaintiffs' claim states a cause of action under Puerto Rico law, it is not justifiable in the federal court for lack of jurisdictional amount. The First Circuit in *Turner v. Wilson Line of Massachusetts*, 242 F.2d 414 (1 Cir., 1957) has stated at 419: "The amount of money appropriate as compensation for pain and suffering cannot be determined by any precise measure or rule. Judgment in this field is necessarily subjective and must rest upon an evaluation of the severity of the pain suffered, its duration and its mental consequences.". Our examination of the applicable law of Puerto Rico discloses that plaintiffs would not be able to recover the amount claimed. The Supreme Court of Puerto Rico has consistently held that in this jurisdiction moral damages, sufferings, and anguishes can be compensated only if plaintiffs show that their emotional condition has been affected substantially. *Duchesne Landrón v. Ruiz Arroyo*, 102 D.P.R. 699, 702 (1974); *Lameiro v. Dávila*, 103 D.P.R. 834, 842 (1975); *Pereira v. IBEC*, 95 P.R.R. 28.

Even when the compensation claimed is for mental suffering resulting from the death of a person, the Supreme Court of Puerto Rico has held in *Hernández v. Fournier*, 80 P.R.R. 94, 104 (1957), that "as to the moral damages, it is essential to prove deep moral suffering and anguish, and a passing affliction would not give rise to an action". See also *Cirino v. Fuentes Fluviales*, 91 P.R.R. 590, 599 (1964). In *Ramos Rivera v. E.L.A.*, 90 P.R.R. 806 (1964), the Supreme Court of Puerto Rico noted, at page 809, that moral damages shall be compensated only if " . . . it is shown how those damages

---

**2.** See Exhibit A of defendant's motion, Alminda Sánchez deposition, Page 32, lines 12 to 19.

affected the health, welfare, and happiness of the injured...".

In *Christensen v. Northwest Airlines, Inc.,*[3] 633 F.2d 529 (9 Cir., 1980), an airline passenger claimed damages allegedly arising from being denied seats ("bumped") on her reserved flight, and for mental distress arising from a short verbal altercation with a Northwest Airlines agent. The Court ruled that the claim was not made in good faith, but only for the purpose of obtaining federal jurisdiction and upheld the district court's conclusion that no jurisdiction existed under 28 U.S.C. § 1332 (or under § 1331).

The Court, in *Suarez v. Lufthansa Airlines,* 337 F.Supp. 60 (D.C.P.R., 1971) held that plaintiffs' claim to recover $414.75 for error of defendant airline in forwarding baggage on an international flight and plaintiffs' mental anguish, pain and suffering did not amount to the jurisdiction requirement. As the *Suarez* court stated at 62:

> "It was the intention of Congress to remove from the federal courts claims insubstantial in character, which contributed to the mounting backlogs of these courts. If plaintiff could avoid the jurisdictional amount requirements merely by alleging damages in excess of the jurisdictional amount, the purpose of this amendment would be largely negated." 28 U.S.C. § 1332.

■ We hold that plaintiffs' claims of damages over $10,000 were not made in good faith,[4] but only for the purpose of obtaining federal court jurisdiction. It is clear to a legal certainty that plaintiffs' tort claim could not sustain a judgment of over $10,000. Once it is clear as a matter of law that the claim is for less than $10,000, the trial court is required to dismiss. *Burns v. Anderson,* 502 F.2d 970 (5 Cir., 1974).

Accordingly, the Court ORDERS that defendant's motion to dismiss, be and is hereby GRANTED.

IT IS SO ORDERED.

---

**3.** Therein, the airline provided alternate transportation to plaintiff and the airline's employees notified plaintiff's husband of the new arrival time. Although we are aware that in the case at bar defendant allegedly did not provide plaintiffs with alternate transportation nor did it make an attempt to notify Alminda Sánchez' husband of the new arrival time, still the damages claimed are without any actual basis and beyond a reasonable expectation of recovery.

**4.** This is not to say that plaintiffs acted in deliberate bad faith. Plaintiffs may have felt that the inconveniences fully warranted the amount claimed. The question, however, is as stated in *Jiménez Puig v. Avis Rent-A-Car System, supra,* at 40: "whether to anyone familiar with the applicable law this claim could objectively have been viewed as worth $10,000.".