**RASH RANCO CORPORATION, Plaintiff,**

v.

**B.L.B. INC., d/b/a American Surplus Trading, Defendant.**

No. 90 C 4509.

United States District Court, N.D. Illinois, E.D.

May 10, 1991.

**1340**

Jeffrey K. Gutman, Heldrich, Gutman & Associates, Chicago, Ill., for plaintiff.

Joseph E. Coughlin, Derke J. Price, Lord, Bissell & Brook, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

In this action, Rash Ranco Corporation ("Rash Ranco") brings a breach of contract claim against B.L.B., Inc. d/b/a American Surplus Trading ("BLB"). BLB has moved to dismiss the suit for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(h)(3). BLB claims that Rash Ranco has not satisfied the amount-in-controversy requirement of diversity jurisdiction. For the reasons stated herein, BLB's motion to dismiss is denied.

## FACTS

The plaintiff, Rash Ranco, is an Illinois corporation with its principal place of business in Chicago, Illinois. Rash Ranco sells wholesale and retail goods to customers in foreign countries. The defendant, BLB, is a New York corporation with its principal place of business in Fairview, New Jersey. BLB is also engaged in the sale of goods.

As this is a motion to dismiss, the court must accept all well-pleaded allegations as true. *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 733 (7th Cir. 1986), *cert. denied*, 482 U.S. 915, 107 S.Ct. 3188, 96 L.Ed.2d 676 (1987). On January 25, 1990, Rash Ranco entered into an agreement with BLB to purchase 1,100 G.E. motors at $8 each, for a total of $8,800. The deal was consummated when BLB faxed Rash Ranco an invoice for the goods and Rash Ranco sent BLB a deposit check for the sum of $3,800. On or around February 7, 1990, Rash Ranco contacted a customer in Egypt and began arrange-

ments for sale of the G.E. motors. Around that same date, Rash Ranco advised BLB that it was negotiating with an Egyptian customer for resale of the motors. On March 6, 1990, BLB notified Rash Ranco that the G.E. motors had been sold to another party and, therefore, were not available.

Rash Ranco seeks $111,800 in damages. Specifically, the company requests $19,800 in lost profits; $92,000 in cover expenses and an unspecified sum for injured business relationships.

## ANALYSIS

Rash Ranco alleges diversity jurisdiction as the subject matter jurisdiction for this suit. Under 28 U.S.C. § 1332 district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum of $50,000, exclusive of interest and costs, and the matter is between citizens of different states. As alleged, the companies in this case are citizens of different states. At issue is whether Rash Ranco has met the amount-in-controversy requirement.

Where jurisdiction is challenged, the party who is invoking jurisdiction must present competent proof of the jurisdictional facts. *See Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir.1979). A motion to dismiss for lack of jurisdictional amount should only be granted when it appears "to a legal certainty that the claim is really for less than the jurisdictional amount...." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). "[I]t is not incumbent upon a plaintiff to show to an absolute certainty that he will obtain a verdict in excess of [$50,000]. [He need only show that] there is a probability that the value of the matter in controversy exceeds the jurisdictional amount." *Jeffries v. Silvercup Bakers, Inc.*, 434 F.2d 310, 311–312 (7th Cir.1970).

First, BLB questions whether Rash Ranco can obtain cover.[1] Cover expenses

---

1. Since the law applicable to the breach of contract remedy issue is the same or substantially

may be recovered where the aggrieved buyer makes a reasonable purchase of or enters into a contract to purchase goods in substitution for those due from the seller. Ill.Rev.Stat.Ch. 26 ¶ 2–712(1) (1989); N.J. Stat.Ann. § 12A:2–712(1) (West 1962) (hereinafter § 2–712). BLB asserts that cover expenses are not legally recoverable here, where there has been no actual purchase of substitute goods. Rash Ranco concedes that it has not purchased substitute goods. Accordingly, relief under § 2–712 is not available. *See Draper v. Minneapolis–Moline, Inc.,* 100 Ill.App.2d 324, 241 N.E.2d 342, 345 (1968) (Section 2–712 only applies where buyer obtains substitute goods.)

Cover damages, however, are not the only damages available to an aggrieved buyer. In fact, cover is merely a discretionary remedy. "The buyer is always free to choose between cover and damages for non-delivery...." § 2–712, U.C.C. Comment 3. Damages for non-delivery are provided for under Ill.Rev.Stat.Ch. 26 ¶ 2–713 (1989) and N.J.Stat.Ann. § 12A:2–713 (West 1962) (hereinafter § 2–713): "the measure of damages [is equal to] the difference between the market price at the time when the buyer learned of the breach and the contract price together with any incidental and consequential damages ... but less expenses saved in consequence of the seller's breach."

Rash Ranco is not foreclosed from recovering these damages. And, it may be that Rash Ranco's use of the term "cover" in its complaint was a request for damages under § 2–713 rather than damages under § 2–712. Section 2–713 of the Uniform Commercial Code is sometimes referred to as "hypothetical cover". *Allied Canners & Packers, Inc. v. Victor Packing Co.,* 209 Cal.Rptr. 60, 209 Cal.Rptr. 60, 39 U.C.C. Rep.Serv. (Callaghan) 1567, 1572 (1984). Indeed, there are similarities between § 2–712 and § 2–713. U.C.C. Comment 1 to § 2–713 states that the "general baseline adopted in this section uses as a yardstick the market in which the buyer would have

obtained cover had he sought that relief." And, the remedy under § 2–713 "involves [substantially] the same computation as necessary under the cover remedy of Section 2–712...." U.C.C.Serv. (Callaghan) § 2–713:01 at 365 (1990). For these reasons, the court finds that Rash Ranco's request for cover encompasses § 2–713 non-delivery damages.

Alternatively, BLB argues that even if Rash Ranco's allegations include non-delivery damages, Rash Ranco has still failed to fulfill the jurisdictional amount requirement because it has not provided a market price for use in calculating damages. In response, Rash Ranco states that the G.E. motors identified in the contract were out-of-date model goods which could not be repurchased. Therefore, Rash Ranco will prove, at trial, the cost of purchasing similar goods. This method of showing market price is acceptable. If determining the market price of goods with exactness is difficult, the court may examine the expense to the buyer of securing similar goods. Anderson, Uniform Commercial Code § 2–713:10 at 464 (1983).

Here, the president of Rash Ranco has proffered an average price for the contracted for motors, which he obtained by checking the prices of similar motors. At this time, the court need not address whether the motors identified in the contract are out-of-date, whether the proffered price properly reflects the market value of the motors or whether a market price exists at all. These issues are best left to trial when Rash Ranco must conclusively prove the market price.

When considering a challenge to jurisdiction, the court need only find that there is a probability that the jurisdictional amount will be satisfied in order to deny a motion to dismiss. There is such a probability in this case. The president of Rash Ranco has alleged that the average cost of a motor comparable to that identified in the contract is between $94–$96. (Madbouly

the same in Illinois and New Jersey, the relevant states in this case, the court need not apply choice of law rules. *See International Administrators v. Life Ins. Co. of North America,* 753

F.2d 1373, 1376 n. 4 (7th Cir.1985) (Conflict rules applied only when a difference in law will make a difference to the outcome.)

Deposition at 30–31.) This price multiplied by the agreed upon 1,100 motors exceeds the $50,000 jurisdictional amount needed under 28 U.S.C. § 1332, even allowing for the subtraction of expenses saved as a consequence of the breach. The court finds, then, that the jurisdictional amount has been properly alleged.[2] BLB's motion to dismiss is denied.

IT IS SO ORDERED.

---

**2.** BLB also raises the issue of Rash Ranco's ability to recover consequential damages. Because the alleged non-delivery damages are suf-

ficient to meet the jurisdictional amount requirement, the court need not reach this issue.