**SEARS, ROEBUCK AND CO., Plaintiff-Appellant,**

v.

**AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Defendant-Appellee.**

No. 15792.

United States Court of Appeals
Seventh Circuit.

Feb. 10, 1967.

Burton Y. Weitzenfeld, John F. Mc-
Clure, William S. Hanley, Chicago, Ill.,

for plaintiff-appellant, Arnstein, Gluck, Weitzenfeld & Minow, formerly known as Kahn, Adsit, Arnstein, Gluck, Weitzenfeld & Minow, Chicago, Ill., of counsel.

Henry J. Marquard, Edward V. Scoby, Kralovec, Sweeney, Marquard & Scoby, Chicago, Ill., for defendant-appellee.

Before HASTINGS, Chief Judge, MAJOR, Senior Circuit Judge, and FAIRCHILD, Circuit Judge.

HASTINGS, Chief Judge.

This is an appeal from a dismissal by the district court, *sua sponte,* of a diversity declaratory judgment action, instituted by Sears, Roebuck and Co., a New York corporation having its principal place of business in Illinois, against American Mutual Liability Insurance Company, a Massachusetts corporation.

Sears sought a declaratory judgment that American Mutual was obligated, by reason of an insurance contract containing a vendor's endorsement, to defend and indemnify Sears in an action filed by one John Ervin in a circuit court of Illinois.

In his suit against Sears, Ervin alleged that thermal underwear, which he bought under warranties from Sears, burst into flames while he was welding, causing him severe injuries. In a second count, he alleged that Sears was negligent in failing to inspect the underwear properly, in failing to warn him of the flammability of the garment and in placing the garment on sale. Damages were sought in the amount of $500,000.

In its declaratory judgment complaint in the federal district court, Sears alleged that the underwear in question in the state court action was purchased from the Flagg-Utica Corporation. Flagg-Utica had a contract of insurance with American Mutual which, among other provisions, insured Flagg-Utica against loss from damages imposed by law for personal injuries alleged to have been suffered by any person on account of any occurrence caused by the existence, possession, consumption, or use of any product manufactured, sold, handled or distributed by Flagg-Utica. American Mutual was required to defend such suits.

The policy also contained a vendor's endorsement whereby coverage was extended to liability of a vendor of Flagg-Utica's products. Sears alleged that the vendor's endorsement applied to it and that American Mutual, which had refused a tender of defense in the Ervin suit, was obligated to defend Sears.

Sears requested the district court to find that in the Ervin suit American Mutual was obligated to defend Sears under the vendor's endorsement, to reimburse Sears for monies expended in defense and to pay any judgment rendered against Sears.

The district court dismissed the complaint on the ground that Sears might not be found liable in the state litigation, in which case the costs of defense of the suit would likely be less than $10,000, causing a failure of jurisdictional amount and rendering any prior federal declaration moot. The possibility of resolution, in the state litigation, of some of the issues in the declaratory judgment action and the possibility of needless duplication of evidence and expense were given by the trial court as additional grounds for the dismissal.

While the district court noted that a determination in the state court whether Flagg-Utica was the manufacturer of the garment would not be binding on Flagg-Utica since it was not a party to the litigation, the court stated that Sears could solve that problem by bringing Flagg-Utica and other suppliers into the state litigation as third party defendants. The fact that, were this done, American Mutual, as Flagg-Utica's insurer, would be opposing Sears in the state action was viewed with equanimity, for if Sears was covered in the policy American Mutual issued to Flagg-Utica, American Mutual would ultimately have to pay any judgment against Sears and costs of the action.

On appeal, Sears contends its declaratory judgment action involved the requisite jurisdictional amount. It further

contends that the district court abused its discretion under the Declaratory Judgment Act in refusing to exercise jurisdiction because of the pendency of another suit in which, if third party proceedings were instituted, the possibility existed of resolving some of the matters presented in the declaratory judgment action.

Title 28, § 2201, U.S.C.A. reads:

"In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

■ Declaratory relief under this provision is discretionary. Brillhart v. Excess Ins. Co., 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). However, the provision should be construed to effectuate the purpose of the Act to afford relief from uncertainty and insecurity with respect to legal relations. American Automobile Ins. Co. v. Freundt, 7 Cir., 103 F.2d 613, 619 (1939); Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, 324 (1937).

■ Declaratory judgment should not be granted to try particular issues without settling the entire controversy, or to interfere with an action already instituted. Quarles, supra, at 325. But the pendency of another suit is not a sufficient reason to decline declaratory jurisdiction if that suit will not necessarily determine the controversy between the parties. Yellow Cab Co. v. City of Chicago, 7 Cir., 186 F.2d 946, 951 (1951). The standards generally to be applied in exercising discretion to hear a declaratory judgment action are whether a declaratory judgment will settle the particular controversy and clarify the legal relations in issue. Samuel Goldwyn, Inc. v. United Artists Corporation, 3 Cir., 113 F.2d 703, 709 (1940).

■ Generally, an appellate court may set aside a trial court's exercise of discretion only if the exercise of such discretion could be said to be arbitrary. But the standard of review applicable to discretion exercised under the Declaratory Judgment Act is not so limited. Discretion must be exercised for a reason related to the purposes of the Act; it must relate to the clarification of legal issues and the settlement of controversies or to some overriding policy consideration such as abstention in state matters, inconvenience to parties, or improper use of the declaratory judgment action. Cf. Wright, Federal Courts, 391–92 and cases cited there.

■ Thus, if, in view of the purposes of the Act, the trial court is erroneous in its decision, but not arbitrary, an appellate court may substitute its own judgment for that of the trial court. Delno v. Market St. Ry. Co., 9 Cir., 124 F.2d 965, 967–968 (1942)[1].

With respect to the question of jurisdictional amount, it does not appear that the district court declined to hear this case because of a possible lack of jurisdiction. Rather, its discretion was exercised in part because of the possibility

---

1. A noted authority on declaratory judgments, Professor Borchard, has made a similar point, relevant to the facts of this case:

"But the court's discretion is not properly used * * * because the court erroneously assumes * * * that judgment against the insured is a condition precedent to a 'case or controversy' or of a declaratory action denying the obligation to pay any judgment found against the insured or that the court lacks 'jurisdiction' merely because a state action is pending or for other errors in law. There is no discretion to refuse to assume jurisdiction over a case which is properly before the court and which is entirely appropriate for declaratory adjudication. But a declaration need not be granted if it will not serve a useful purpose." Borchard, Declaratory Judgments, 653–54 (2d ed. 1941).

that the jurisdictional amount might not be forthcoming.

■ There is no doubt that if a plaintiff makes a *good faith* claim exceeding $10,000, and other federal jurisdictional requirements are met, a federal court has jurisdiction to hear the case.

The Supreme Court has said:

"The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288–289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938).

■ It may be unlikely that Sears will be held to pay a $500,000 judgment, but it appears probable that if Sears is held liable, it may be liable for an amount greater than the jurisdictional minimum of $10,000. Further, there is no legal certainty that Ervin cannot recover from Sears or that Sears cannot in turn recover from American Mutual. Sears' claim against American Mutual is a contingent claim meeting the requisite jurisdictional amount.

An immediate and actual controversy between Sears and American Mutual exists in this case. Specifically at issue in the federal litigation are the questions whether Sears was entitled to coverage under the insurance policy between Flagg-Utica and American Mutual; whether Sears notified Flagg-Utica or American Mutual of Ervin's accident or suit as soon as practical, pursuant to the terms and conditions of the insurance policy; and whether Sears repackaged, relabeled and changed the form of Flagg-Utica's thermal underwear with the result that, under exclusionary provisions of the vendor's endorsement, Sears was not extended coverage under the policy.

In the Ervin state court suit against Sears, the issues are Sears' alleged breaches of warranty and alleged negligence in selling certain thermal underwear to Ervin—in general, the question of Sears' liability.

While the issue we must resolve has been presented as being novel, there is at least one case in point. In Maryland Casualty Co. v. Consumers Finance Service, 3 Cir., 101 F.2d 514 (1938), Finance Service had a policy of automobile insurance with Maryland Casualty, which obligated Maryland Casualty to defend suits against Finance Service arising from bodily injury or property damage from automobiles used in its business. The policy also insured any persons using such automobiles with the permission of the insured for the purposes designated in the policy. Under the policy, however, no employee of a sales agency, *inter alia*, was deemed insured. One of Finance Service's employees entrusted one of its automobiles to an employee of a sales agency, who had an accident.

Suit was instituted in the state court against Finance Service. Finance Service made demand upon Maryland Casualty to defend it, but was refused, Maryland Casualty contending it had no responsibility under the policy. Maryland Casualty filed suit in federal court for declaratory judgment against Finance Service and the parties involved in the state suit. The declaratory action was dismissed. On appeal, the court said:

"The controversy in which the Casualty Company is involved is solely between Finance Service and itself. It involves the extent of the coverage of the policy and not the liability of Finance Service to the persons injured in the accident. It is entirely conceivable, as the Casualty Company urges, that there may be such liability on the part of Finance Service which is not within the policy coverage. The only question which will arise in the suits by the injured parties against Finance Service, however, is as to the liability of Finance Service to them. The question as to the duty of the

Casualty Company to defend will not be involved and cannot be adjudicated in those proceedings. The company is, therefore, entitled to have the extent of the coverage of its policy declared in the present proceeding. We accordingly conclude that the court below exceeded its discretionary power in dismissing the petition for a declaratory judgment." Maryland Casualty, supra, at 515–516.

The question of Sears' coverage under the insurance policy, which is the issue to be litigated in federal court, is independent in issue, if not in origin or fact, from the question of Sears' liability for the accident, which is being litigated in the state court. While independent in issue, the controversies are related to the extent that a judgment of no liability in the state court would render the federal proceeding improvident if the costs of defense did not amount to $10,000. We hold this possibility is an insufficient reason for a district court's exercise of discretion to dismiss a suit for declaratory judgment. A declaratory judgment will settle the controversy and clarify the legal relations between the parties, a result which will not be reached in the state litigation. Sears is presently entitled to a determination of the policy coverage, notwithstanding the possible outcome of the state suit.

The Fourth Circuit has stated:

"When the insured in a liability policy has been sued for damages and calls on the insurer to undertake the defense of the suit and a question of coverage is involved which will not be decided in the suit for damages, the insurance company is entitled to be advised by a declaratory decree whether it is obligated to defend and indemnify the insured against the claim upon which the suit is brought." C. Y. Thomason Co. v. Lumbermens Mutual Casualty Co., 4 Cir., 183 F.2d 729, 733 (1950).

The fact that in the instant case the alleged insured, instead of the insurer, sought declaratory judgment is not a distinction affecting the principle, for the issue is the same and the interest of the insured is as great as that of the insurer.

Forcing Sears to join Flagg-Utica and other suppliers as third parties to the state litigation would not serve the purposes of the Declaratory Judgment Act. "The only just and expedient solution to a dilemma in which parties to a contract of insurance are caught when a conflict of interest arises between them is to have the issue of coverage decided in an independent suit, not complicated by the presence of the claimant." Stout v. Grain Dealers Mutual Insurance Company, 4 Cir., 307 F.2d 521, 524 (1962).

Further, the trial court's gratuitous suggestion that Sears join Flagg-Utica as a defendant in the state court action raises questions of trial strategy which Sears should be free to exercise consistent with its own judgment.

It is to be noted that the dismissal challenged on appeal did not arise from a motion by appellee. In fact, on oral argument, without admitting any liability as to coverage in favor of Sears, appellee expressed its willingness to have the instant declaratory judgment action tried on its merits by the district court.

We have an understanding sympathy with the desire of the learned District Judge to weed from his crowded docket any or all cases that may not require the immediate attention of his court where some other action may be pending in a state court. The trial court did not act arbitrarily or capriciously. We hold that it did not properly exercise a discretion given under the Declaratory Judgment Act and that it should not have dismissed this action.

The judgment of the district court is reversed and this cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.