IMPERIAL CASUALTY AND
INDEMNITY COMPANY,
Plaintiff,

v.

CHICAGO HOUSING AUTHORITY and Derrick Hale, a minor by his guardian ad litem and mother, Earlene Hale, Defendants.

No. 90 C 6608.

United States District Court,
N.D. Illinois, E.D.

March 25, 1991.

Roseann Oliver, John J. O'Shea, Pope & John, Ltd., Chicago, Ill., for plaintiff.

Gary K. Moore, Moore & Maisel, Chicago, Ill., for defendant Chicago Housing Authority.

ORDER

BUA, District Judge.

Plaintiff in this insurance coverage dispute has filed a three-count complaint for declaratory relief. One of the defendants, the Chicago Housing Authority ("CHA"),

moves to dismiss Counts II and III of plaintiff's complaint. For the reasons stated herein, the CHA's motion to dismiss is denied.

## FACTS

Plaintiff Imperial Casualty and Indemnity Company ("Imperial") provided liability insurance to the CHA for the period encompassing April 1, 1982 to April 1, 1983. Imperial now seeks a declaration that the policy provides no coverage for the injuries sustained by Derrick Hale, a resident of a CHA public housing project.

In 1981, Derrick Hale and his family moved into the Stateway Gardens Project located in Chicago, Illinois. Hale, who was nine years old at the time his family moved into the CHA building, had been suffering from asthma since 1975. After moving into the building in 1981, Hale began to experience increasingly severe asthma attacks. Due to these asthma attacks, Hale was hospitalized on numerous occasions.

The doctors who examined Hale concluded that he was allergic to certain unsanitary living conditions, such as incinerator smoke, sewage emanations, mold, and cockroaches. In a letter dated June 1, 1983, Dr. Richard W. Newcomb advised the CHA that Hale's medical condition was "life threatening," and suggested that Hale be provided with housing in which he would not be exposed to the unsanitary conditions. On March 15, 1984, Dr. Javeed Akhter mailed a letter to the CHA in which he expressed similar concerns. Despite the requests of these two doctors, the CHA did not offer a different apartment to the Hales. The CHA's failure to provide more suitable housing prompted Earlene Hale (Derrick's mother) to begin withholding rent in October 1984.

On January 16, 1985, Derrick Hale had another severe asthma attack. He went into cardiac arrest and lapsed into a coma.

As a result of this asthma attack, Derrick Hale incurred disabling injuries, including blindness and paralysis. Earlene Hale subsequently filed suit against the CHA, on behalf of Derrick. The complaint, which was filed in the Circuit Court of Cook County on November 25, 1986, alleges that the CHA breached its lease agreement with the Hale family by failing to provide safe and sanitary housing. Imperial is not a party to that lawsuit.

More than two years after the complaint was filed, the CHA notified Imperial of Hale's pending lawsuit. In response, Imperial informed the CHA that the insurance policy did not cover the claims asserted in Hale's complaint. On November 13, 1990, while the state court action was still pending, Imperial filed this diversity action against the CHA and Derrick Hale. Imperial asks for a judgment declaring that, under the insurance policy, there is no coverage and no duty to defend or indemnify the CHA for the injuries sustained by Derrick Hale.

## DISCUSSION

The CHA moves to dismiss Counts II and III of Imperial's three-count complaint. In Count II, Imperial alleges that the CHA should have expected the injuries sustained by Hale and, therefore, there was no "occurrence"[1] under the policy. Count III simply alleges that Hale's injuries did not occur within the policy period. In support of its motion to dismiss these two counts, the CHA contends that both counts involve factual issues which are in dispute in the state proceeding.[2] This court cannot resolve those issues, the CHA suggests, without unduly interfering with the state court action. Basically, the CHA urges the court to dismiss Counts II and III out of deference to the pending state court litigation.

The fact that this is a declaratory judgment action is of paramount concern in

1. The insurance policy defines an "occurrence" as follows: "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured."

2. Count I, which is not the subject of this motion, alleges that the CHA did not seasonably notify Imperial of Hale's claim, as required by the insurance policy. The CHA does not seek dismissal of Count I, presumably because this issue will not be resolved by the state court.

resolving the motion to dismiss. The district court is vested with discretion in determining whether to entertain a declaratory judgment action. *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942); *A.G. Edwards & Sons, Inc. v. Public Bldg. Comm'n,* 921 F.2d 118, 120 (7th Cir.1990).[3] Although declaratory relief is committed to the discretion of the court, the court's discretion is not unbridled. *Sears, Roebuck and Co. v. Zurich Ins. Co.,* 422 F.2d 587, 588 (7th Cir.1970). Judicial discretion must be exercised in accord with the underlying purpose of the Declaratory Judgment Act "to afford relief from uncertainty and insecurity with respect to legal relations." *Sears, Roebuck and Co. v. American Mut. Liab. Ins. Co.,* 372 F.2d 435, 438 (7th Cir.1967). Thus, while gratuitous interference with state proceedings should be avoided, *Brillhart,* 316 U.S. at 495, 62 S.Ct. at 1175, a district court will not decline jurisdiction over a declaratory judgment action solely because a related proceeding is pending in state court. *American Mut. Liab. Ins. Co.,* 372 F.2d at 438. If a declaratory judgment will resolve the particular dispute and clarify the legal issues involved, and the state court action will not, then it is appropriate to hear the declaratory judgment action. *Id.*

With these principles in mind, the court concludes that dismissal would be inappropriate. This proceeding will settle the dispute over Imperial's duty to defend or indemnify the CHA, thereby clarifying the legal issues. *See id.* at 440; *Allstate Ins. Co. v. Green,* 825 F.2d 1061, 1066 (6th Cir.1987). Hale's state court action, in stark contrast, does not involve the coverage issue. The gravamen of Hale's complaint is that the CHA violated the provisions of the lease by failing to provide a safe living environment. Hale will essentially have to establish that the lease mandated certain living conditions and that the CHA did not provide these conditions. The insurance coverage dispute is unique to Hale's cause of action.

The CHA nonetheless asserts that Counts II and III of Imperial's complaint present factual issues that are pertinent to Hale's cause of action. This court disagrees. The dispositive issue of Count II— *i.e.,* whether or not the CHA expected an injury to occur—is not a necessary element of Hale's claim. Similarly, Count III, which alleges that Hale's injuries were not sustained during the policy period (April 1, 1982 to April 1, 1983), will not necessarily be resolved in Hale's case. The state court action focuses on the Hales' contractual relationship with the CHA, not the terms of the policy between the CHA and Imperial. The interest of Derrick Hale, the plaintiff in the state proceeding, and Imperial, the plaintiff in this case, are not coextensive. Hale can recover on his claim without showing that the CHA should have expected his injuries to occur or that the injuries occurred during the policy period. A finding in state court against the CHA will not be determinative of Imperial's liability to the CHA. Although there may be some factual overlap between the two suits, it is unlikely that the state lawsuit will decide the coverage issue raised in this case.[4]

---

**3.** The court is empowered to hear declaratory judgment actions under the Declaratory Judgment Act, which provides in part:

> In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

> 28 U.S.C. § 2201(a).

**4.** In light of the dissimilarity between this case and the lawsuit pending in state court, the two cases cited by the CHA in support of its motion to dismiss (see *Maryland Casualty Co. v. Peppers,* 64 Ill.2d 187, 355 N.E.2d 24 (1976); *Thornton v. Paul,* 74 Ill.2d 132, 23 Ill.Dec. 541, 384 N.E.2d 335 (1978)) are distinguishable.

In *Maryland Casualty Co.,* the insured party was a defendant in a personal injury suit. The insured was being sued for assault, negligence, and willful and wanton conduct. In a separate declaratory judgment action involving the insured and the insurer, the trial court found that there was no coverage under the insurance policy because the insured's conduct fell within the policy's exclusion of intentional acts. On appeal, the Illinois Supreme Court ruled that this issue was resolved "prematurely" by the trial

In cases similar to this one, the Seventh Circuit has found declaratory relief to be particularly appropriate. *Zurich Ins. Co.*, 422 F.2d at 590 ("[t]he question of [the insured's] coverage under the insurance policy, which is the issue to be litigated in the District Court, is independent of the issue of liability being litigated in the [state court] action"); *American Mut. Liab. Ins. Co.*, 372 F.2d at 440 (same); *see also Green*, 825 F.2d at 1065. From a practical standpoint, a liability insurer's duty to indemnify extends not only to the payment of judgments against the insured, but to settlement amounts as well. *ACandS, Inc. v. Aetna Casualty & Sur. Co.*, 666 F.2d 819, 823 (3d Cir.1981). Most cases, in fact, are resolved by settlement. By clarifying the parties' rights at an early stage of the proceedings, the court will allow them to develop a settlement strategy and avoid unnecessary costs. *Id.* "The respective interests and obligations of insured and insurers, when disputed, require determination much in advance of judgment since they will designate the bearer of ultimate liability in the underlying cases and hence the bearer of the onus and risks of settlement." *Id.*

This court sees no reason to decline jurisdiction in this case. The state court action, in its current posture, will not fully resolve the interests at stake in this federal lawsuit. Imperial is not a party to the state litigation and, therefore, is not in a position to raise the coverage issue in that case. The two actions simply are not duplicative, so there is no substantial danger of inconsistent judgments.

court. 64 Ill.2d at 197, 355 N.E.2d at 30. The court explained that a finding of intentional conduct could establish the allegations of the assault count in the underlying tort action, and preclude the plaintiff from recovering under the other theories alleged. *Id.* By finding that the insured acted intentionally, the trial court improperly resolved an ultimate question of fact that was at issue in the tort action. *Id.*

*Thornton*, the other case relied upon by the CHA, presented a similar problem. In that case, the insured was convicted of battery, and later named in a personal injury suit based on the same occurrence. The insured's liability insurance excluded coverage for injuries arising out of assault and battery. As in *Maryland*

## CONCLUSION

For the foregoing reasons, the court denies the CHA's motion to dismiss.

IT IS SO ORDERED.

*Casualty Co., supra,* the court concluded that it would be inappropriate to entertain a declaratory judgment action to resolve the coverage issue. 74 Ill.2d at 159, 23 Ill.Dec. at 552, 384 N.E.2d at 346. A determination that the insured committed a battery would necessarily interfere with the underlying personal injury action that was predicated on the same conduct. *Id.*

Unlike both of those cases, the instant case will not resolve issues of fact that are crucial to Hale's cause of action. All of the issues presented by this declaratory judgment action, as Imperial points out, may not be answerable in the state forum. Ultimately, the coverage issue can be resolved without impairing Hale's rights in the state court litigation.