**PUBLICATIONS INTERNATIONAL, LTD., an Illinois corporation, Plaintiff,**

**v.**

**Brian McRAE, doing business as McRae and Associates, Defendant.**

No. 96 C 716.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 17, 1996.

Wayne B. Giampietro, Michael John Merrick, Witwer, Poltrock & Giampietro, Chicago, IL, for Publications Intern., Ltd.

Gary D. McCallister, Gary D. McCallister & Associates, Ltd., Chicago, IL, for Brian McRae.

### MEMORANDUM AND ORDER

MORAN, Senior District Judge.

Plaintiff, located in Illinois, is a publisher of books and magazines. Defendant is, in effect, a wholesaler of books, located in Kansas. Defendant, interested in plaintiff's wares, asked for samples, and plaintiff furnished them. Defendant thereafter sent a purchase order to plaintiff, which plaintiff, and thereafter defendant, both accepted. For a while everything went well and plaintiff shipped books to various locations, including to customers in Illinois. This dispute, however, does not relate to those transactions. It relates to plaintiff's failure to ship all the books it had promised to provide. In the meantime, the parties communicated with each other by fax and telephone between Illinois and Kansas.

When plaintiff was unable to provide some 178,000 books or so it offered substitute titles. That was, at least in part, unacceptable to defendant who, on January 29, 1996, threatened to sue plaintiff in Kansas. Plaintiff countered by filing this declaratory judgment action on February 7, 1996. Defendant filed a breach of contract action in Kansas on February 26, 1996. He has moved to dismiss this action, claiming a lack of personal jurisdiction. Plaintiff has moved to enjoin the Kansas litigation. And defendant has moved to transfer this action to federal court in Kansas.

The nub of the pending motions is the issue of where this dispute should proceed. Plaintiff's witnesses, by and large, are in Illinois; defendant's are in Kansas. Suit here is, obviously, more convenient and less expensive for plaintiff, and more inconvenient and more expensive for defendant. The converse is true of a proceeding in Kansas.

We think we have personal jurisdiction. Illinois' long-arm jurisdiction extends to the limits of due process. The shipments within Illinois do not help plaintiff much because the present dispute does not relate to those shipments. Still, defendant initiated the purchase agreement and the parties, by defendant's own admission, dealt with each other about that agreement by telephone and fax on a continuing basis, with plaintiff performing in Illinois. In this day-and-age, a company in one state dealing with a company in another state respecting a substantial business transaction can expect to be subject to the jurisdiction of both states. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Torco Oil Co. v. Innovative Thermal Corp.*, 730 F.Supp. 126 (N.D.Ill.1989).

We have no doubt, as well, that we have the power to enjoin the Kansas action and that if we applied conventional 28 U.S.C. § 1404(a) analysis the action should stay here. This action was the first filed and there is no clear advantage, considering the convenience to both parties and their witnesses, of litigating in Kansas. Defendant has, however, urged that this action is somewhat different because it is for a declaratory judgment, and we agree.

Although plaintiff alleges that defendant is in breach of contract, its real claim is that defendant acted unreasonably when plaintiff was unable to perform and suggested alternatives. This lawsuit is, clearly, a preemptive strike. Whatever damages there may be have already accrued. Plaintiff can make all its arguments in Kansas. It wishes, however, to litigate here and it brought this suit to be the "first filer," in the face of defendant's notice that it intended to file suit in Kansas. The issuance of a declaratory judgment is, however, a discretionary matter. *Wilton v. Seven Falls Co.*, —— U.S. ——, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). Its purpose is to avoid accrual of avoidable damages to one not certain of his rights, and to afford an early adjudication of whatever damages may have accrued when the adversary does not see fit to bring suit. It is not to give the alleged wrongdoer a choice of forum. *Cunningham Brothers, Inc. v. Bail*, 407 F.2d 1165 (7th Cir.1969), *cert. denied*, 395 U.S. 959, 89 S.Ct. 2100, 23 L.Ed.2d 745 (1969). "[A] suit for declaratory judgment aimed solely at wresting the choice of forum from the 'natural' plaintiff will normally be dismissed...." *Allendale Mutual Ins. Co. v.*

*Bull Data Systems,* 10 F.3d 425, 431 (7th Cir.1993); *see Tempco Electric Heater Corp. v. Omega Engineering,* 819 F.2d 746 (7th Cir.1987), and we dismiss the action here. *See also St. Paul Fire and Marine Ins. Co. v. Runyon,* 53 F.3d 1167 (10th Cir.1995); *Granite State Insurance Co. v. Tandy Corp.,* 986 F.2d 94 (5th Cir.1992), *cert. granted,* 506 U.S. 813, 113 S.Ct. 51, 121 L.Ed.2d 21 (1992), *cert. dismissed,* 507 U.S. 1026, 113 S.Ct. 1836, 123 L.Ed.2d 463 (1993).

## CONCLUSION

We deny the motion to dismiss for lack of personal jurisdiction. We dismiss this declaratory judgment action in the exercise of discretion. We deny the motion for an injunction and the motion to transfer as moot.