**ELI'S CHICAGO FINEST, INC., Plaintiff,**

v.

**THE CHEESECAKE FACTORY, INCORPORATED, Defendant.**

**No. 98 C 4077.**

United States District Court, N.D. Illinois, Eastern Division.

Oct. 21, 1998.

Irwin C. Alter, Alter & Weiss, Chicago, IL, for, Plaintiff.

Bradford P. Lyerla, Attorney at Law, Reginald Juvann Hill, Ryndak & Lyerla, Chicago, IL, for Defendants.

**MEMORANDUM OPINION AND ORDER**

LINDBERG, District Judge.

Plaintiff Eli's Finest, Inc. ("Eli's") filed this action for a declaratory judgment asserting that its use of certain descriptive dessert designations did not interfere with Defendant's trademark rights. Defendant, The Cheesecake Factory, Incorporated, ("Cheesecake Factory") filed a motion to dismiss the

complaint, and for the reasons stated below that motion will be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The parties are competitors engaged in the sale of cheesecakes. Plaintiff is an Illinois corporation and Defendant is a California corporation. Both parties produce, market and sell cheesecakes with particular descriptive designations throughout the United States.

Defendant owns as registered trademarks the following cheesecake designations: "Chocolate Raspberry Truffle," "White Chocolate Lemon Truffle," "White Chocolate Raspberry Truffle," and "Triple Chocolate Brownie Truffle."

On June 26, 1998, counsel for Defendant sent a cease and desist letter to Eli's protesting Eli's alleged use of the dessert designations: "White Chocolate Raspberry Truffle Cheesecake," and "Triple Chocolate Truffle."[1] The letter requested that: (1) Plaintiff cease using the designations, and (2) Plaintiff notify Defendant of Plaintiff's intent to comply within ten days. The letter further indicated that should Plaintiff fail to communicate an intent to comply within ten days, Defendant was prepared to take legal action.

On July 2, 1998, six days after receiving Defendant's letter, and without first responding to Defendant, Plaintiff filed suit under the Lanham Act 15 U.S.C. §§ 1121–1125(a). Plaintiff asked this Court for a declaratory judgment finding that Plaintiff's use of the contested designation did not interfere with Defendant's trademark rights. Next, prior to officially serving Defendant, Plaintiff sent defendant a letter enclosing a copy of the complaint and expressing an interest in "opening a dialogue" with Defendant. Defendant was then properly served with notice of this action.

On July 7, 1998, Defendant filed a trademark infringement suit against Plaintiff in the United States District Court for the Central District of California. It is undisputed that the California suit concerns the same facts and issues as those presented here, and is essentially a "mirror image" of the action pending before this Court. On July 14, 1998, Defendant moved to dismiss Plaintiff's declaratory judgment action. The parties have stipulated and the United States District Court for the Central District of California has granted a stay of those proceedings pending a ruling on the motion to dismiss currently before this Court.

## II. DISCUSSION

The issue at hand is whether this Court, in its discretion, should decline to exercise its jurisdiction over Plaintiff's claim for declaratory relief. It is settled that federal courts have the discretion to decline to hear a claim for declaratory relief in appropriate circumstances. *Brillhart v. Excess Insurance Co. of America,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), *Tempco Electric Heater Corp. v. Omega Engineering,* 819 F.2d 746 (7th Cir.1987). To resolve this issue the Court must determine whether exercising jurisdiction is consistent with the purposes of the Declaratory Judgement Act ("Act"). 28 U.S.C.A. § 2201. *Sears, Roebuck and Co. v. American Mutual Liability Insurance Co.,* 372 F.2d 435 (7th Cir.1967)(finding that a court should exercise discretion in a declaratory judgment action for a reason related to the purposes of the Declaratory Judgment Act). The Court finds that the purposes of the Act would be disserved by exercising jurisdiction over the case at bar.

### A. DECLARATORY JUDGMENTS

Declaratory judgments are intended to, "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Tempco,* 819 F.2d at 749, *quoting* Borchard, DECLARATORY JUDGMENTS 299 (2d ed.1941). As the *Tempco* Court articulated:

> Essentially, two related but distinct fact situations are contemplated: (1) The controversy has ripened to a point where one of the parties could invoke a coercive remedy (i.e. a suit for damages or an injunction) but has not done so; and (2) Al-

---

1. Plaintiff denies using these designations in the manner characterized by Defendant's cease and desist letter. However, the Court need not reach that issue to resolve this matter.

though the controversy is real and immediate, it has not ripened to such a point, and it would be unfair or inefficient to require the parties to wait for a decision. *Tempco*, 819 F.2d at 749.

This suit falls within the first category. At the time that Plaintiff filed this action, Defendant was in a position to commence an infringement suit and had not yet done so. In this circumstance, a declaratory judgment prevents, "one party from continually accusing the other, to his detriment, without allowing the other to secure an adjudication of his rights by bringing suit." *Tempco*, 819 F.2d at 749.

■ However, the defendant here has not "continually" accused Plaintiff to its detriment. The June 26, 1998 letter from Defendant to Plaintiff served as the first and only occasion in which Defendant notified Plaintiff of the designation dispute. Defendant requested a reply within ten days and indicated that Defendant was prepared to take legal action following that time period. Plaintiff filed this suit six days later on July 2, 1998, four days prior to the end of the specified time period. Therefore, it is not the case that Defendant was accusing Plaintiff of wrong-doing without affording Plaintiff an opportunity to adjudicate its rights. Where, as here, the accused party has not been unfairly deprived of an opportunity to adjudicate his rights, a declaratory judgment is unnecessary. *Tempco*, 819 F.2d 746. Based on the facts presented here, it appears to the Court that Plaintiff filed this action, not to "avoid the accrual of avoidable damages," because Plaintiff was not certain of its rights, but rather to secure this venue in anticipation of legal action by Defendant. *Cunningham Brothers Inc. v. Bail*, 407 F.2d 1165 (7th Cir.1969)(stating that the purpose of the Declaratory Judgment Act is to avoid the accrual of damages while waiting for the opposing party to file suit). As discussed below, such preemptive actions are expressly disfavored by the Seventh Circuit.

## B. ANTICIPATORY FILINGS

■ Generally, when mirror image suits are filed in two federal districts, the first case filed takes priority. *See, Natural Gas Pipeline Company of America v. Union Pacific Resources Company*, 750 F.Supp. 311 (N.D.Ill.1990). However, the Seventh Circuit has never rigidly applied the "first in time" rule. *Trippe Manufacturing Company v. American Power Conversion Corporation*, 46 F.3d 624 (7th Cir.1994). *Tempco Electric Heater Corporation v. Omega Engineering, Inc.*, 819 F.2d 746, (7th Cir.1986). *Tamari v. Bache & Co.*, 565 F.2d 1194 (7th Cir.1977). Our Circuit has expressly disfavored applying the rule where, as here, the declaratory judgment action, though filed first, is filed in anticipation of litigation by the other party. *Allendale Mutual Insurance Co. v. Bull Data Systems, Inc.*, 10 F.3d 425 at 431 (7th Cir.1993), *NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 577 (7th Cir.1994), *Tempco Electric Heater Corporation v. Omega Engineering, Inc.*, 819 F.2d 746 (7th Cir.1986), *see also, Successories, Inc. v. Arnold Palmer Enterprises*, 990 F.Supp. 1044 (N.D.Ill.1998), *Natural Gas Pipeline Company of America v. Union Pacific Resources Company*, 750 F.Supp. 311 (N.D.Ill.1990).

The Seventh Circuit faced a situation similar to the instant case in *Tempco Electric Heater Corporation v. Omega Engineering, Inc.*, 819 F.2d 746, (7th Cir.) In *Tempco*, the parties were engaged in a dispute over the use of a mark. After negotiations over the mark stalled, Omega, the accusing party, sent Tempco a letter stating Tempco had no alternative but to bring suit. Omega filed a declaratory judgment action the same day it received the letter. Four days later Tempco filed a mirror image infringement suit in another district court. Tempco then moved to dismiss Omega's complaint. The *Tempco* Court found that where, "the declaratory judgment action is filed in anticipation of an infringement action, the infringement action should proceed, even if filed four days later." *Tempco*, 819 F.2d at 749. The facts before this Court are materially similar to *Tempco*. Here, Plaintiff filed suit within six days of receiving the cease and desist letter, well within the ten day time limit to reply stipulated by Defendant. Nothing before this court indicates that Plaintiff's swift action was anything more than the "race to the courthouse" disapproved of in *Tempco*. *Tempco*, 819 F.2d 746, 750, *quoting, Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 219

(2d Cir.1978), *quoting, Perez v. Ledesma,* 401 U.S. 82, 119 n. 12, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971)(Brennan, J., dissenting)(noting that a federal declaratory judgment is not a "prize" for winning the race to the courthouse, but rather is intended to avoid such a race).

This Court recognizes two significant reasons to dismiss a declaratory action brought solely in anticipation of an infringement suit. First, allowing a potential defendant to make a procedural preemptive strike robs the natural plaintiff of his ability to select his forum. *Allendale Mutual Insurance Co. v. Bull Data Systems, Inc.,* 10 F.3d 425 at 431 (7th Cir.1993), *Publications International Ltd. v. McRae,* 953 F.Supp. 223 (N.D.Ill.1996). Second, prohibiting a "race to the courthouse," encourages settlement and discourages costly duplicate litigation. *See, Leaf, Inc. v. Clay White Associates, Inc.,* 1996 WL 580876 (N.D.Ill.). Here, the second rationale is particularly compelling. Rather than contacting Defendant for the purpose of negotiation, Plaintiff responded to Defendant's accusation of trademark infringement by rapidly bringing suit in hopes of securing a favorable forum. If the Court were to allow such maneuvering, litigants would have no alternative but to quickly file suits in the forum of their choice. Delay caused by a good faith effort at negotiation could deprive a litigant of a favorable venue. Such an incentive system would be highly inefficient.

### C. VENUE

Plaintiff makes several arguments supporting an Illinois venue for this action. However, venue is not the issue before this court. This Court is entertaining a motion to dismiss, not a motion to transfer. Plaintiff's venue arguments should be addressed in a 1404(a) motion to transfer filed in the California court. *Tempco,* 819 F.2d at 750. *Natural Gas Company of America v. Union Pacific Resources Co.,* 750 F.Supp. 311 (N.D.Ill.1990). *See also, Trippe Manufacturing Company, v. American Power Conversion Corporation,* 46 F.3d 624 (7th Cir.1994)(affirming district court's determination that Plaintiff's venue arguments should be made in a 1404(a) motion addressed to the court hearing the infringement action rather than in the declaratory

judgment action). Regardless of whether Illinois is the more appropriate venue for the resolution of these issues, it is inappropriate for Plaintiff to file for a declaratory judgment for the purposes of securing an Illinois venue. If this Court were to allow litigants to abuse the Declaratory Judgment Act for the purpose of forum-shopping, we would allow "the wholesome purpose...[of] declaratory acts...[to] be absorbed by its use as an instrument of procedural fencing...to choose a forum." *Tempco,* 819 F.2d 746, *quoting American Automobile Insurance Co. v. Freundt,* 103 F.2d 613, 617 (7th Cir.1939).

### III. CONCLUSION

For the reasons stated above, this Court has determined that the action pending is a preemptive attempt by Plaintiff to secure venue in anticipation of litigation by the Defendant. The Court therefore declines to exercise its jurisdiction over Plaintiff's claims.

ORDERED: Defendant's motion to dismiss is granted.