**Kimberly S. JOHNSON, on behalf of herself and all others similarly situated, Plaintiff,**

v.

**ROHR–VILLE MOTORS, INC., d/b/a Saturn of Waukegan, and Mercury Finance Company of Wisconsin, Defendants.**

**Mercury Finance Company of Wisconsin, Third–Party Plaintiff,**

v.

**Western Diversified Services, Inc., Third–Party Defendant.**

**No. 95 C 1032.**

United States District Court, N.D. Illinois, Eastern Division.

May 14, 1999.

Daniel A. Edelman, Cathleen Combs Cohen, Tara Leigh Goodwin, Daniel Payne Lindsey, Edelman & Combs, Chicago, IL, O. Randolph Bragg, Horwitz, Horwitz & Associates, Chicago, IL, James Eric Vander Arend, Gessler, Hughes & Socol, Ltd., Chicago, IL, Michelle Ann Weinberg, Law Offices of Michelle A. Weinberg, Chicago, IL, for Kimberly S Johnson, plaintiff.

Francis P. Kasbohm, Gary Feiereisel, Fraterrigo, Beranek, Feiereisel & Kasbohm, Chicago, IL, Steven R. Johnson, Best, Mangan & Langhenry, Chicago, IL, John Michael Brom, Attorney at Law, Chicago, IL, for Rohr–Ville Motors, Inc., dba Saturn of Waukegan, defendant.

Eugene Joseph Kelley, Jr., John L. Ropiequet, Linda M. Godzicki, Arnstein & Lehr, Chicago, IL, for Mercury Finance of Wisconsin, defendant.

Dean M. Athans, McBreen, Kopko, McKay & Nora, Chicago, IL, for Western Diversified Services, Inc., third-party defendant.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge.

Plaintiff Kimberly Johnson filed a Third Amended Complaint against defendants Rohr–Ville Motors, Inc., doing business as Saturn of Waukegan ("Saturn"), and Mercury Finance Company of Wisconsin, ("Mercury"). Defendant, Third–Party Plaintiff Mercury filed an Amended Third–Party Complaint for declaratory judgment against Western Diversified Services, Inc. ("Western"). Third–Party Defendant Western has filed a motion to dismiss the Amended Third–Party Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Third–Party Defendant Western's motion is DENIED.

## BACKGROUND

On February 21, 1994, plaintiff Johnson purchased a used 1990 Ford Tempo from defendant Saturn. In connection with the purchase, Johnson signed a combined Retail Installment Contract/Truth in Lending Disclosure Statement ("Contract"). Mercury was the assignee of the Contract. The Contract provides that any holder of the contract is subject to all claims and defenses which the consumer has against the original creditor, in this case Saturn.

In Johnson's Third Amended Complaint, she alleges that Mercury and Saturn sold her, with the purchase of the automobile, "Guaranteed Auto Protection" ("GAP") insurance which was totally worthless. GAP insurance provides for the cancellation of the remaining debt in the event that there is a deficiency as a result of the insurance proceeds payable being less than the accelerated balance due. The cost of GAP was included in the "amount financed" section of the Contract. The GAP insurance policy was based on Third–Party Defendant Western's underwriting guidelines.

Johnson claims GAP coverage was worthless because an exclusion contained in the GAP policy denies coverage under the policy if the amount involved in the financed transaction "exceeds $35,000 or 115% of the manufacturer's suggested retail price of the vehicle (115% of the N.A.D.A. retail value for pre-owned vehicles), or if the loan term exceeds 66 months." In her case, Johnson claims the GAP policy was worthless because the amount she financed for the purchase of the Ford Tempo exceeded the 115% of the N.A.D.A. book value. Mercury seeks a declaration from this court that the GAP insurance provided to Johnson was valid and binding, not "worthless" as alleged in the Third Amended Complaint, that the exclusion in the GAP insurance policy is not enforceable by Western, and that Mercury did not violate any law with respect to GAP insurance. In the alternative, Mercury seeks money damages from Western in the amount in which it paid defendant

Saturn for the GAP insurance if this court finds that the underwriting guidelines are part of the GAP policy exclusion and enforceable.

## STANDARD OF REVIEW

In ruling on a motion to dismiss, the court must presume all of the well-pleaded allegations of the complaint to be true. *Miree v. DeKalb County,* 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 2492 n. 2, 53 L.Ed.2d 557 (1977). The court must view those allegations in the light most favorable to the plaintiff. *Gomez v. Illinois State Bd. of Educ.,* 811 F.2d 1030, 1039 (7th Cir.1987). Dismissal under Rule 12(b)(6) is proper only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Panaras v. Liquid Carbonic Industries Corp.,* 74 F.3d 786, 791 (7th Cir.1996).

## ANALYSIS

■ Defendant Western argues that this court should dismiss the Third–Party Complaint, the declaratory judgment action, because declaratory judgment is inappropriate in this case. Western argues that Third–Party Plaintiff Mercury is merely asking this court to issue an advisory opinion based on hypothetical facts by declaring the rights of two parties not in privity of contract with each other concerning a factual scenario that does not exist and never will. Mercury counters in arguing that Johnson's claim that the GAP insurance was "worthless" creates a case or controversy between itself and Western because Mercury will be aggrieved in the same manner as Johnson if the GAP insurance is found to be worthless. Mercury also argues that it faces liability if the selling of GAP insurance is found to be part of a RICO conspiracy because it will lose part of the face amount of contracts which Mercury bought which is attributable to the GAP insurance purchase.

■ Under the Declaratory Judgment Act ("Act"), 28 U.S.C. § 2201, "any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." A court retains discretion to hear an action under the Act, but that discretion is not absolute. Instead, a court should consider "whether a declaratory judgment action will settle the particular controversy and clarify the legal relations in issue." *NUCOR v. Aceros Y Maquilas de Occidente,* 28 F.3d 572, 579 (7th Cir. 1994) (quoting *Sears, Roebuck & Co. v. American Mut. Liab. Ins. Co.,* 372 F.2d 435, 438 (7th Cir.1967)). In other words, there must be "an actual, 'substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941)).

■ The Seventh Circuit adopted the Sixth Circuit's approach of weighing equitable considerations to determine whether a court should hear the action. *NUCOR,* 28 F.3d at 579. The five equitable considerations to consider are whether: (1) the judgment would settle the controversy; (2) the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata;' (4) the use of a declaratory action would increase friction between our federal and state courts by improper encroachment; and (5) there is an alternative remedy that is better or more effective. *Id.* (quoting *Nationwide Mut. Fire Ins. Co. v. Willenbrink,* 924 F.2d 104 (6th Cir.1991)).

The issue in the case at bar is whether the judgment would settle the controversy by clarifying the legal relations at issue.[1]

**1.** The three remaining equitable consider-       ations have not been put into question in this

Defendant Western is correct in stating that this court should not issue an advisory opinion, because of the concern that courts are "offering advice on the legality of a proposed course of action." *Deveraux v. City of Chicago,* 14 F.3d 328, 330 (7th Cir.1994). While it is often difficult to discern a real controversy with a purely abstract question of law, the Supreme Court has outlined the broad parameters of a "justiciable controversy:"

> The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interest. [citations omitted]. It must be real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical set of facts.

*Id.* (citing *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240–41, 57 S.Ct. 461, 463–64, 81 L.Ed. 617 (1937)).

Upon examination of the issues and facts in this case, this court finds that it should exercise its discretion to hear this declaratory judgment action. An actual controversy exists in that Third–Party Plaintiff Mercury is seeking relief that the GAP underwriting guidelines set forth by Third–Party Defendant Western can not be used as a basis for denying any claims, not just the possible claims of the plaintiff Johnson. More importantly, Mercury is seeking to determine its legal relationship with Western since Western is the underwriter of the GAP policy and Johnson has alleged that the policy is part of the RICO conspiracy to defraud purchasers of automobiles. Thus, allowance of this action will relieve Mercury of the "uncertainty and insecurity concerning its legal relationship" with Western. *NUCOR,* 28 F.3d at 579.

Furthermore, this court would not be issuing an advisory opinion based on hypothetical facts in deciding this matter. Mercury is asking this court to declare the underwriting guidelines invalid and unenforceable if this court construes it as a case.

GAP policy exclusion in the underlying action. On the other hand, if this court finds that the underwriting guidelines are part of the GAP policy exclusion and enforceable, then Mercury is seeking money damages from Western in the amount in which it paid defendant Saturn for the GAP insurance in connection with the assignment of contracts.

Moreover, this court does not find that the issues presented by Mercury are moot. While it is true that plaintiff Johnson's GAP policy expired prior to the filing of this suit, plaintiff Johnson is seeking to certify a class surrounding all persons who purchased the GAP insurance policy, persons whose policies have yet to expire. A judgment in this case would, especially in light of the underlying action, certainly settle the dispute between Mercury and Western concerning their legal relationship with respect to the GAP insurance policies and the damages Mercury may incur. Therefore, so long as the issue surrounding the worthlessness of the GAP insurance remains in the underlying action, this court will allow the declaratory action requested in the Amended Third–Party Complaint to remain. Thus, this court denies defendant Western's motion to dismiss the Amended Third–Party Complaint.

## CONCLUSION

For the above stated reasons, Third–Party Defendant Western's motion to dismiss the Amended Third–Party Complaint is DENIED. Western is to file its Answer on or before June 7, 1999. The parties are strongly urged to discuss settlement. The case is set for report on status at 10:30 a.m. on June 18, 1999.